IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>          Plaintiff,<br>     v.<br><br>REYNALDO ORTEGA, et al.,<br><br>          Defendants.<br>_____ | Case No.: 1:11-cv-01849 AWI JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND REMANDING THE MATTER TO THE KERN COUNTY SUPERIOR COURT |

Defendant Reynaldo Ortega ("Defendant") seeks to proceed *in forma pauperis* in the removal of an action from the Kern County Superior Court. (Docs. 1, 3). For the following reasons, Defendant's motion to proceed *in forma pauperis* is **DENIED**, and the matter is **REMANDED** to the Superior Court of Kern County.

**I.  Motion to Proceed In Forma Pauperis**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed in forma pauperis ("IFP") is granted by the Court.  See Rodriguez v. Cook, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Court has broad discretion to grant or deny a motion to proceed IFP. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990); Weller v. Dickson, 314 F.2d 598, 600-01 (9th Cir. 1963). However, when party proceeding *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). Because the Court lacks jurisdiction, as discussed below, Defendant's motion to proceed *in forma pauperis* is **DENIED**.

## II. Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. at § 1331.

"It is to be presumed that a cause lies out of the limited jurisdiction of the federal courts..." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted). The party seeking removal bears the burden of proving its propriety. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Abrego v. Dow Chem. Co., 443 F.3d 676, 683-85 (9th Cir. 2006); see also Calif. ex. rel. Lockyer v. Dynegy, Inc., 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). If there is any doubt as to the right of removal, "federal jurisdiction must be rejected." Duncan, 76 F.3d at 1485.

The district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). Consequently, the Sixth Circuit explained that a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether

or not a party has a filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995); see also Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction").

### A. Subject Matter Jurisdiction

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392). Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

Plaintiff's complaint filed in the state court asserted a single cause of action for unlawful detainer. (Doc. 1, Exh. 1). Importantly, an unlawful detainer action does not arise under federal law, but arises instead under state law. See Fannie Mae v. Suarez, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); Deutsche Bank Nat'l Trust Co v. Leonardo, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). Because there is no federal question appearing in Plaintiff's complaint, Defendant is unable to invoke federal subject matter jurisdiction.

### B. Diversity Jurisdiction

Defendant appears to invoke diversity jurisdiction through his notice, by estimating the value of the real property exceeds $160,000. (Doc. 1 at 3). To establish diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). Importantly, in an unlawful detainer action, "the right to possession alone [is] involved– not title to the property." Litton Loan Servicing, L.P. v. Villegas, 2011 U.S. Dist. LEXIS 8018 at *6-7 (N.D. Cal. Jan. 21, 2011). Review of the state court complaint indicates the amount sought by Plaintiff in the action

was less than $10,000. (Doc. 1, Exh. 1). Therefore, the amount in controversy fails to establish diversity jurisdiction.

### III. Conclusion and Order

Under 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." As discussed above, the Court lacks jurisdiction over this matter, because there is no federal question appearing in Plaintiff's complaint.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's motion to proceed in forma pauperis is **DENIED**;
2. The matter is **REMANDED** forthwith to the Superior Court of Kern County; and
3. The Clerk of Court is **DIRECTED** to close this matter, because this Order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: November 29, 2011

CHIEF UNITED STATES DISTRICT JUDGE